UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD J. WILLIAMSON,

    Plaintiff,

v.                                    Case No. 12-11031
                                      HON. AVERN COHN

PETER BADE, et al.,

    Defendants.

_____/

## ORDER DISMISSING STATE LAW CLAIMS WITHOUT PREJUDICE

This is a civil case brought by the former mayor of the City of Flint against the city and various officials.

The amended complaint (Doc. 7) asserts 14 separate claims, as follows:

| | |
|---|---|
| Count I | Violations of 42 U.S.C. §1983 Against Defendant Bade (Retaliation) |
| Count II | Violations of 42 U.S.C. §1983 Against Defendant Walling (Retaliation) |
| Count III | Violations of 42 U.S.C. §1983 Against Flint City Council (Retaliation) |
| Count IV | Violations of 42 U.S.C. §1983 Against The City of Flint (Retaliation) |
| Count V | Misrepresentation Against Defendants Bade and Brown |
| Count VI | Breach of Contract Against Defendants Brown and The City of Flint |
| Count VII | Breach of Contract Against Defendant City of Flint |
| Count VIII | Breach of Implied Contract Against Defendant City of Flint |
| Count IX | Unjust Enrichment Against Defendant City of Flint |

| | |
|---|---|
| Count X | *Quantum Meruit* Against Defendant City of Flint |
| Count XI | Violation of Michigan Payment of Wages Act as Against Defendant City of Flint |
| Count XII | Violation of The Michigan Constitution |
| Count XIII | Procedural Due Process Claim Regarding Wages Earned But Not Paid Against Defendants City of Flint, Bade, and Official Doe |
| Count XIV | Procedural Due Process Claim Regarding Indemnity Against Defendants City of Flint, Bade, Walling and City Council |

Counts V, VI, VII, VIII, IX, X, XI and XII are state law claims.

Although supplemental jurisdiction exists over state-law claims under 28 U.S.C. § 1367(a), the Court may decline to exercise supplemental jurisdiction if the state-law claims raise "novel or complex" issues of state law, "substantially predominate[] over the claim or claims over which the district court has original jurisdiction," or if "there are other compelling reasons for declining jurisdiction." Id. § 1367(c)(1), (c)(2), (c)(4). Here, plaintiff's state-law claims present novel issues of state law, substantially predominate over the federal claims, and would be more appropriately adjudicated by a state court. See Padilla v. City of Saginaw, 867 F. Supp. 1309, 1315 (E.D. Mich. 1994). Thus, the Court declines to exercise supplemental jurisdiction over plaintiff's state-law claims. Accordingly, Counts V, VI, VII, VIII, IX, X, XI and XII are DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

Dated:  June 20, 2012         S/Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE

**12-11031 Williamson v. Bade, et al**
**Order Dismissing State Law Claims Without Prejudice**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 20, 2012, by electronic and/or ordinary mail.

                          S/Tanya Bankston on behalf of s/Julie Owens
                          Case Manager, (313) 234-5160